07-3336-ag
Guo v. Holder

BIA
Nelson, IJ
A98 596 714

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18ᵗʰ day of February, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges.*

_____

CUI YUE GUO,
> *Petitioner*,

> v.                                    07-3336-ag
>                                       NAC

ERIC H. HOLDER, JR., ATTORNEY GENERAL,[1]
> *Respondent.*

_____

FOR PETITIONER:         Yee Ling Poon, New York, New York.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the Respondent in this case.

FOR RESPONDENT:     Gregory G. Katsas, Assistant Attorney General; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Ann M. Welhaf, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (BIA) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order.

Cui Yue Guo, a native and citizen of the People's Republic of China, seeks review of a July 9, 2007 order of the BIA, affirming the December 6, 2005 decision of Immigration Judge (IJ) Barbara Nelson, which denied Petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Cui Yue Guo*, No. A98 596 714 (B.I.A. Jul. 9, 2007), *aff'g* No. A98 596 714 (Immig. Ct. N.Y. City Dec. 6, 2005). We assume the parties' familiarity with this case's facts and its procedural history.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the

2

BIA's opinions for the sake of completeness. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the Agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir. 2007).[2] We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

We conclude that the Agency erred on numerous grounds. First, the Agency made both legal and factual errors in its finding that Petitioner has not suffered past persecution. Petitioner testified to being beaten on two occasions, once in 2000, when she was fourteen years old, and a second time in 2003. *Hr'g Tr.* at 17, 20. She was detained on both occasions, for 8 and 12 hours respectively. *Id.* Under our precedents, these abuses amount to persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) (stating that "violent conduct generally goes beyond the mere annoyance and distress that characterize harassment"); *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d

---

[2] The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Cir. 2006) ("[A] 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground."); *see also Gjolaj v. Bureau of Citizenship and Immigration Services*, 468 F.3d 140, 143 (2d Cir. 2006) (reversing Agency finding because it did not consider cumulatively the petitioner's several beatings).

The Agency's legal error is compounded by its factual errors. Both the IJ and the BIA, in different ways, misstated the record. Although the IJ briefly noted the two beatings in her recitation of Petitioner's testimony, *IJ Dec.* at 3, in her analysis, she referred exclusively to the 2000 beating. *Id.* at 10. The BIA attempted to correct this error in its affirmance of the IJ's decision, but in doing so, erred itself by stating that in the 2003 beating, Petitioner "did not testify that she was injured." *BIA Dec.* at 2. That is incorrect. When the IJ asked Petitioner whether she was injured in the 2003 beating, she responded, "Yes." She then elaborated, stating that she was beaten by the officials' "fists and feet," which left "very, various

4

bruises and contusions all over [her] body." *Hr'g Tr.* at 20. The IJ asked no further questions about her injuries.

Neither the IJ nor the BIA, expressly or impliedly, found Petitioner's testimony regarding her past abuses not credible. Because Petitioner's beatings constitute past persecution, she is entitled to a presumption of future persecution.

Second, regarding Petitioner's claim of future persecution, we find that the IJ improperly dismissed some of Petitioner's corroborating evidence. For example, as the BIA noted, "the Immigration Judge may have gone too far in discounting the mother's letter based on omissions of some aspects of the respondents's claim." *BIA Dec.* at 2. Moreover, Petitioner gave plausible explanations for why she was unable to produce other corroborating evidence. We find it eminently plausible that people who, like Petitioner, practice Falun Gong in the park, were afraid to testify on Petitioner's behalf where those people (1) may barely know Petitioner, (2) practically speak a different language from Petitioner, (3) are immigrants, and (4) were told that, if they were to testify for Petitioner, they would have to appear in person.

5

For all these reasons, we GRANT the petition for review, VACATE the BIA's decision, and REMAND to the BIA for further proceedings consistent with this order.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk